**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4300

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TILDREN SHERRON HUNTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00529-D-1)

Submitted:  February 29, 2024                    Decided:  March 5, 2024

Before KING, GREGORY, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Kelly Margolis Dagger, Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Leonard Champaign, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tildren Sherron Hunter was convicted after a jury trial of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Hunter to 210 months' imprisonment and 3 years of supervised release.  On appeal, Hunter challenges his conviction, arguing that the district court plainly erred in admitting testimony from the Government's drug trafficking expert and erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal.  We affirm.

Hunter argues that the district court plainly erred in admitting into evidence testimony from the Government's drug trafficking expert in light of the Government's insufficient disclosure under Fed. R. Crim. P. 16(a)(1)(G).  In Hunter's view, the disclosure was insufficient because the Government did not provide notice of the opinions the expert would offer or the bases and reasons for those opinions.  Hunter did not alert the district court of this claim of error, and we therefore review it for plain error only.  *See Greer v. United States*, 593 U.S. 503, 507 (2021).  "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights." *United States v. Caldwell*, 7 F.4th 191, 211 (4th Cir. 2021).  To qualify as "plain," an error must be "clear or obvious at the time of appellate consideration [under] the settled law of the Supreme Court or this circuit," *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (cleaned up), and, even in the presence of such error, we "may correct [it] only if it also affects substantial rights," *United States v. Garcia-Lagunas*, 835 F.3d 479, 493 (4th Cir. 2016) (cleaned up).  "An error affects substantial rights in most cases if it

2

affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted).

Hunter's claim, we conclude, is without merit. He relies on our unpublished decision in *United States v. Concessi*, 38 F. App'x 866 (4th Cir. 2002) (Nos. 01-4949, 01-4951), and the district court's decision in *United States v. Cerna*, No. CR 08–0730 WHA, 2010 WL 2347406 (N.D. Cal. June 8, 2010), to support his claim that the Government's disclosure was deficient. As unpublished, non-precedential decisions, *Concessi* and *Cerna* cannot establish bases for a finding of plain error. *United States v. Banks*, 29 F.4th 168, 181 (4th Cir. 2022). Further, Hunter has not suggested that or identified how a more detailed disclosure "would have so changed the defense's ability to cross-examine [the drug trafficking expert such] that the trial would have come out differently." *Garcia-Lagunas*, 835 F.3d at 494.[*]

Turning to the district court's denial of Hunter's Rule 29 motion for a judgment of acquittal, we review that ruling de novo. *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023). In conducting this review, "we view the evidence in the light most favorable to the prosecution and decide whether substantial evidence supports the verdict." *Id.* (cleaned up). "Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt

---

[*] In his reply brief, Hunter suggests for the first time that, had the Government disclosed the expert's opinions and bases and reasons for them, he could have moved in limine to exclude the expert's testimony. We deem this argument waived. *Caldwell*, 7 F.4th at 212 n.16.

3

beyond a reasonable doubt." *Id.* (internal quotation marks omitted).  In assessing whether substantial evidence is present, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (internal quotation marks omitted). A defendant "bear[s] a heavy burden" under this standard. *Smith*, 54 F.4th at 766 (internal quotation marks omitted).

To sustain Hunter's conviction, the Government was required to prove beyond a reasonable doubt that he possessed a quantity of methamphetamine, did so knowingly, and had an intent to distribute. *United States v. Penniegraft*, 641 F.3d 566, 572 (4th Cir. 2011); *see United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005); *United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996); *United States v. Fisher*, 912 F.2d 728, 730-31 (4th Cir. 1990) (all three discussing intent to distribute).  Hunter does not deny that he knowingly possessed methamphetamine; he contends, rather, that the evidence is insufficient to show intent to distribute the methamphetamine he possessed.  Upon our review of the record and considering the evidence adduced in the light most favorable to the Government, we conclude that it supports Hunter's conviction.

We thus affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4